1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TAYLOR MASSEY; JUNE MASSEY; A.M., V.M., and J.M., minors, by and through their Guardian Ad Litem, JUNE MASSEY, <br><br> Plaintiffs, <br> v. <br> HCA WOODBRIDGE APARTMENTS, L.P., d.b.a., WOODBRIDGE APARTMENTS; and HANKEN CONO ASSAD & CO, INC., <br><br> Defendants. | CASE NO. 15cv2358 WQH (DHB) <br><br> ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Plaintiffs' Prayer for Punitive Damages Pursuant to FRCP 12(b)(6) (ECF No. 5) filed by Defendants HCA Woodbridge Apartments, L.P. and Hanken Cono Assad & Co, Inc.

**I. Background**

On October 19, 2015, Plaintiffs Taylor Massey, June Massey, and A.M., V.M., and J.M., by and through their Guardian Ad Litem, June Massey, initiated this action by filing a complaint, alleging discrimination based on family status, in violation of the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, and California's Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code. § 12955 *et seq.*, against Defendants HCA Woodbridge Apartments, L.P., d.b.a., Woodbridge Apartments, and Hanken Cono Assad & Co., Inc. (ECF No. 1) On October 22, 2015, the Court issued an Order granting Plaintiffs' application for appointment of guardian ad litem and appointing

June Massey as guardian ad litem for minors A.M., V.M., and J.M.  (ECF No. 4).

On November 18, Defendants filed a Motion to Dismiss Plaintiffs' Prayer for Punitive Damages Pursuant to 12(b)(6).  (ECF No. 5).  On December 1, 2015, Plaintiffs filed an opposition to Defendants' motion.  (ECF No. 7).  On December 10, 2015, Defendants filed a reply.  (ECF No. 8).

## II. Allegations of the Complaint

Plaintiffs allege that they rented an apartment from Defendant HCA Woodbridge Apartments, L.P., which was managed by an offsite management company, Defendant Hanken Cono Assad & Co, Inc.  Plaintiffs allege that they received "false allegations" from their neighbor about noise coming from Plaintiffs' apartment.  (ECF No. 1 ¶ 15.).  Plaintiffs allege that after receiving the false allegations about noise coming from the Plaintiffs' apartment, Defendants sent Plaintiffs violation notices and a notice that their tenancy would be terminated if the complained of activity did not cease.  Plaintiffs allege that they challenged the complaints but after being harassed and bullied for two weeks by Defendants' onsite manager to move out of their apartment into a downstairs apartment, Plaintiffs agreed to move into a different apartment unit in the complex.  Plaintiffs allege that they completed a notice of intention to vacate, as instructed by the onsite manager.

Plaintiffs allege that within two weeks, Plaintiffs changed their mind and informed the onsite manager that they no longer wished to switch apartments.  Plaintiffs allege that the onsite manager told Plaintiff June Massey that Plaintiffs had to move out of the apartment because a prospective tenant had submitted an application for the apartment and if Plaintiffs did not move out they would be homeless.  Plaintiffs allege that Plaintiff June Massey spoke to one of Defendants' off-site managers about the matter, alleging that the onsite manager was forcing Plaintiffs to move from their apartment because they had children.  Plaintiffs allege that Defendants' off-site manager told June Massey that Plaintiffs should move to a downstairs apartment or a house because they had children.  Plaintiffs allege that Defendants' off-site manager told

Plaintiff June Massey that families with children were not allowed to live in the upstairs apartments. Plaintiffs allege that they complained to Defendants about the conversations with Defendants' onsite manager and off-site manager. Months later, Plaintiffs sent a letter to Defendants complaining that a manager had threatened Plaintiffs with eviction if their children made too much noise playing inside their apartment. Plaintiffs allege that after many noise complaints from their downstairs neighbor, Plaintiffs requested to transfer to available upstairs apartments twice and both times their request was denied. Plaintiffs allege that Plaintiff Taylor Massey asked the assistant manager of the complex if the Plaintiffs were not allowed to move into an upstairs apartment because they had children. The assistant manager responded that the children were the reason Plaintiffs could not move to an upstairs apartment.

Plaintiffs allege that

> By reason of Defendants' unlawful acts and practices, Plaintiffs have suffered emotional distress, including humiliation, mental anguish, and attendant bodily injury, and otherwise sustained injury. Plaintiffs have suffered invasion of their private rights of occupation and constructive wrongful eviction as a result of Defendants' threats and rules, depriving them of the full use and enjoyment of their tenancy. Accordingly, Plaintiffs are entitled to compensatory damages.

*Id.* ¶ 33. Plaintiffs allege that "in doing the acts of which Plaintiffs complain, Defendants and their agents acted with oppression, fraud, and malice, and with wanton and conscious or reckless disregard of the federally protected rights of Plaintiffs. Accordingly, Plaintiffs are entitled to punitive damages." *Id.* ¶ 34. Plaintiffs allege that they are entitled to declaratory relief regarding Defendants' duties under the federal and state housing laws and injunctive relief. *Id.* ¶¶ 35-36. Plaintiffs assert claims under the Fair Housing Act, the California Fair Employment and Housing Act, the California Unruh Civil Rights Act, California Business and Professions Code § 17204, and negligence.

## III. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A pleading that

states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim for relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

**IV. Discussion**

Defendants contend that the allegations in the complaint are not specific enough to support a punitive damages claim against Defendants. (ECF No. 5-1 at 4). Defendants contend that the complaint fails to allege specific facts to show that Defendants acted with malice or oppression. *Id.* at 4-5.

Plaintiffs contend that punitive damages are a remedy, not a claim, and a request for punitive damages does not provide a basis for dismissal under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7 at 8). Plaintiffs contend that the complaint alleges violations of the Fair Housing Act and the California Fair Employment and Housing

Act, both of which provide for the recovery of punitive damages. *Id.* at 9-10.

In reply, Defendants contend that "Defendants do not challenge whether Plaintiffs have alleged sufficient facts to assert claims under the Fair Housing Act, California Fair Employment and Housing Act, California Unruh Civil Rights Act, Unfair Business Practices, or Negligence." (ECF No. 8 at 1-2). Defendants contend that "Plaintiffs must make a factual showing of malice, oppression or fraud pursuant to Civil Code § 3294 to support a legal theory by which punitive damages are appropriate." *Id.* at 2. Defendants contend that "the Complaint alleges only conclusions and merely refers to actions in general terms and without pleading any ultimate facts as to moving Defendants." *Id.*

"The federal practice has been to reserve consideration of the appropriate relief until after a determination of the merits, not to foreclose certain forms of relief by a ruling on the pleadings. The prayer for relief is no part of the plaintiff's cause of action." *City of Los Angeles v. Lyons*, 461 U.S. 95, 130 (1983). "[T]he usual rule is that where legal rights have been invaded and a cause of action is available, a federal court may use any available remedy to make good the wrong done." *Id.* (quoting Bell v. Hood, 327 U.S. 678, 684 (1946).

In the motion to dismiss, Defendants seek to dismiss Plaintiff's request for punitive damages but do not challenge the adequacy of Plaintiffs' substantive claims. (ECF No. 8 at 1-2). Defendants' motion to dismiss Plaintiff's prayer for punitive damages is denied at this stage in the proceedings. *See Lyons*, 461 U.S. at 130.

**V. Conclusion**

IT IS HEREBY ORDERED that the motion to dismiss Plaintiffs' prayer for punitive damages (ECF No. 5) is denied.

DATED: February 22, 2016

**WILLIAM Q. HAYES**
United States District Judge